STILLMAN CHURCHILL *v.* JOSEPH SMITH.

The admissions of a wife, made after her marriage, in reference to business transacted by her before her marriage, are not admissible in evidence for the defendant in a suit brought by the husband.

It is not a reason for admitting in evidence the declarations of a third person, not a party to the suit, that such person cannot be examined as a witness.

INDEBITATUS ASSUMPSIT for money had and received, &c. On trial the plaintiff introduced testimony tending to prove that $220 of his money had been received by the defendant, under an agreement of the defendant to refund it.

The defendant introduced testimony tending to prove that he had paid his addresses to the plaintiff's wife, before her intermarriage with the plaintiff, and had made to her advances of money and clothing to the amount claimed by the plaintiff, under the expectation of her soon becoming his wife, and that she afterwards concluded to marry the plaintiff, and that the plaintiff then furnished her with the money in question to pay the defendant's claim, which money was paid by her to the defendant before she intermarried with the plaintiff.

The defendant, also, in further confirmation of this view of the case, offered to show that the plaintiff's wife, sometime after her intermarriage with the plaintiff, and long after the money was paid to the defendant, admitted and declared that she had permission of the plaintiff to pay over the money to the defendant, in satisfaction of his claim for money and clothing so advanced to her ; to the admission of this testimony the plaintiff objected, and it was excluded by the court.

The jury returned a verdict for the plaintiff. Exceptions by defendant.

*Vail & Upham* and *O. H. Smith.* for defendant.

The testimony offered by the defendant, and excluded by the court below, we contend was admissible for two reasons. ·

1. Ann Marsh, now the wife of the plaintiff, was the plaintiff's agent in the transaction,—and the declarations of an agent, made respecting the subject matter of the agency, are admissible in evidence against the principal. This as a general rule is well settled, and we presume will not be controverted.

To this rule it is contended by the plaintiff there is an exception, that when the declarations are made after the contract, or agency, is completed, then they become like the declarations or admissions of any other third person. To which we say, that this case is to be distinguished from those cases excepted from the general rule, 1, Because the agent, in this case, is the wife of the plaintiff, and

71

Churchill v. Smith.

cannot be called upon the stand by the defendant, as a witness against the plaintiff; and 2, Because the plaintiff, by his own act, has deprived the defendant of the agent's testimony, as a witness upon the stand.   It will be found, on examining the cases excepted from the general rule, that the reason assigned therefor, when given at all, is, that the agent may be called as a witness, and his testimony would be better evidence than his declarations.   That reason does not exist in this case.   *Warner et al.* v. *Mc Gary*, 4 Vt. 511.   *Low* v. *Perkins*, 10 Vt. 535.   2 Stark. Ev., 6th Ed., p. 34.

2.   The testimony introduced by the defendant tended to show that the plaintiff gave the money to her who is now his wife; that it was hers to do what she pleased with; and that she paid it to the defendant.   And, if so, she having afterwards married the plaintiff, the action should have been brought in the name of herself and the plaintiff;—she being thus interested, her declarations as to how the defendant received the money were admissible, and should not have been excluded by the court below.   The fact that she was not joined as a plaintiff in the suit could not deprive the defendant of the benefit of her declarations.   *Hanson* v. *Parker*, 1 Wils. 257. *Smith* v. *Lyon*, 3 Camp. 465.   *Nutz* v. *Reutter*, 1 Watts 229.

*L. B. Peck* for plaintiff.

The declarations of the plaintiff's wife were clearly inadmissible. They could not have been admitted had the marriage not taken place.   The declarations of an agent, in order to affect the principal, must be made when in the discharge of the subject matter of the agency, so as to constitute a part of the *res gestæ*.   If made at any other time, they are not evidence.   This is a well settled and invariable rule, and it is unnecessary to multiply authorities in support of so familiar a principle.   They will be found, however, collected in a note to Story on Agency, p. 126.

It is insisted by the defendant, that the declarations should have been admitted, as he could not call the plaintiff's wife to testify to the main fact.   This cannot alter the rule, which forbids the introduction of the testimony offered.   If the law is made to yield to an argument, or a necessity, of this character, it must apply to all cases where the party is prevented from calling the agent by death, or unavoidable accident.   In *Pedley* v. *Wellesley*, 3 C. & P. 558, the

plaintiff had married a witness for the defendant after she had been subpœnaed, yet the court refused to allow her to be examined. Even *in an action by the husband and wife, in right of the wife as exec-utrix, her declarations are not admissible.* *Alban et al.* v. *Pritchell,* 6 T. R.- 680. So when wages had been earned by the wife, it was held that her admission of the receipt of a given sum was not evi-dence against the husband. *Hill* v. *Hill,* Str. 1094. See, also, *Turner et ux.* v. *Coe et al.,* 5 Conn. 93.

The opinion of the court was delivered by

WILLIAMS, Ch. J.    The only question presented in this case is, whether the admissions of the wife, made after her intermarriage, are admissible in evidence in a suit brought by the husband. It is sufficient to say, the law is well established that such admissions cannot be received in evidence. When a wife acts as agent for her husband, her admissions, made while she acted as such agent, may be received,—being a part of the *res gestæ,*—but in no other case. The argument is not sound, which has been urged, that, because she cannot be examined under oath as a witness, therefore her dec-larations, made when she was not under oath, may be given in evi-dence. The same argument might be urged in favor of receiving the admissions, or declarations, of any one who was dead, or who, from any reason, was rendered incapable of testifying in the case.

The judgment of the county court is affirmed.